JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

JEREMY COLLINS and DANIEL EVANGELISTA, on behalf of themselves and other aggrieved employees,

Plaintiffs,

v.

JUST ENERGY MARKETING CORP., JUST ENERGY SOLUTIONS, INC., and DOES 1 through 10, inclusive,

Defendants.

Case No.: SACV 19-00601-CJC (SSx)

ORDER GRANTING MOTION TO REMAND [Dkt. 14]

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Jeremy Collins and Daniel Evangelista bring this representative action under the Private Attorneys General Act of 2004 ("PAGA") against their purportedly

joint former employers, Just Energy Marketing Corp. ("JEMC") and Just Energy Solutions, Inc. ("JES"), asserting various wage and hour violations under the California Labor Code. (Dkt. 1 Ex. C [First Amended Complaint, hereinafter "FAC"].) Plaintiffs filed this action in Orange County Superior Court on February 19, 2019. (Dkt. 1 Ex. A [Complaint].) On March 29, 2019, Defendants removed the action to this Court pursuant to diversity jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)

The parties to this action are not completely diverse. Plaintiffs Collins and Evangelista are both citizens of California. (FAC ¶¶ 3–4.) Defendant JEMC is incorporated in Delaware with its principal place of business in Texas. (*Id.* ¶ 6; NOR ¶ 12.) Defendant JES, however, is incorporated and has its principal place of business in California. (FAC ¶ 7.) Plaintiffs claim that JEMC and JES operate as a single entity and as joint employers. (*Id.* ¶¶ 5–6.) Defendants, by contrast, argue that JES had no involvement in Plaintiffs' employment. (NOR ¶ 12.) They assert that JES was fraudulently joined and that its citizenship should be ignored for purposes of diversity.

Before the Court is Plaintiffs' motion to remand this action to state court. (Dkt. 14 [hereinafter "Mot."].) Plaintiffs argue, among other things, that JES was not fraudulently joined and that its citizenship destroys complete diversity. For the following reasons, Plaintiffs' motion is **GRANTED**.[1]

## II. ANALYSIS

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28

---

[1] Having read and considered the moving papers of the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 20, 2019, at 1:30 p.m. is hereby vacated and off calendar.

U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). If at any time before final judgment the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c). Here, Defendants assert subject matter jurisdiction based on diversity jurisdiction. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a).

Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to that requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044.

Plaintiffs seek recovery for violations of the California Labor Code under PAGA. Under PAGA, current or former aggrieved employees are deputized to bring a civil action against any "person" to recover civil penalties for Labor Code violations. Cal. Lab. Code § 2699(a). An "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." *Id.* § 2699(c). Thus, Plaintiffs have standing to bring a PAGA claim only against their former or current employers. Although JEMC was Plaintiffs' employer in name,

Plaintiffs allege that JEMC and JES operated as Plaintiffs' joint employers in practice. (FAC ¶¶ 5–6.)

Under California law, an employer is any person or entity "who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of [an employee]." *Castaneda v. Ensign Grp., Inc.*, 229 Cal. App. 4th 1015, 1019 (2014) (citation and internal quotation marks omitted). "An entity that controls the business enterprise may be an employer even if it did not 'directly hire, fire or supervise' the employees." *Id*. Further, several entities may be employers where they "control different aspects of the employment relationship." *Id*. (quoting *Martinez v. Combs*, 49 Cal. 4th 35, 76 (2010)). "[C]ontrol over how services are performed is an important, perhaps even the principal, test for the existence of an employment relationship." *Id*. (quoting *Martinez*, 49 Cal. 4th at 76).

Defendants have not carried their burden of showing that Plaintiffs fail to state a cause of action against JES. Plaintiffs allege that (1) JES controlled certain day-to-day operations of Just Energy's employees, including the employees' work hours, (2) that Plaintiffs and the class of employees they seek to represent were selling JES's products and services, and (3) that JEMC is simply the marketing arm for JES's sales efforts in California. (FAC ¶¶ 7, 9, 15.) JES is the only Just Energy entity registered with the California Public Utilities Commission ("CPUC") as legally authorized to sell natural gas and electricity products and services in California. (*See* Dkts. 15-3, 15-4.)[2] Per JES's

---

[2] Plaintiffs ask the Court to take judicial notice of (1) JES and JEMC's Statements of Information, filed with the California Secretary of State, (2) two lists of the entities registered with CPUC to provide natural gas and electricity to California customers, and (3) JES's comments on certain CPUC rulemaking regarding gas and electricity providers. (Dkt. 15.) Courts may take judicial notice of matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Accordingly, Plaintiffs' request as to these documents is GRANTED. Plaintiffs also ask that the Court take judicial notice of the LinkedIn page of an employee of JES. (Dkt. 23.) Plaintiffs have failed to explain how the LinkedIn page, which is based on self-reported information, is capable of accurate and ready

representations to the CPUC, JES—not JMC—operates Just Energy's six regional offices in California, including the ones that employed Plaintiffs. (*See* Dkt. 15-6 at 4.) In order to maintain its registration with the CPUC, JES is required to ensure that the persons marketing and selling its products and services comply with the CPUC's requirements. *See generally* Cal. Pub. Util. Code §§ 394–396, 980–989.5. According to Plaintiffs, JES controls aspects of the work performed by Just Energy employees in order to ensure compliance with those requirements. Accepting the pleadings as true, Plaintiffs' allegations provide a "non-fanciful possibility" that JES exerted control over Plaintiffs' employment. *See Corona v. Quad Graphics Printing Corp.*, 218 F. Supp. 3d 1068, 1072 (C.D. Cal. 2016) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." (citation omitted)).

Defendants assert that this Court's prior ruling in a related action supports finding that JES is a sham defendant. In *Evangelista v. Just Energy Marketing Corp.*, Daniel Evangelista, one of the named plaintiffs here, filed a putative class action against JEMC, JES, and other Just Energy affiliates, asserting various violations of the California Labor Code. Case No. 8:17-cv-02270-CJC-SS.[3] The defendants in that case removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). The plaintiff then moved to remand the action on the basis that CAFA's local controversy exception to federal jurisdiction applied. For that "narrow exception" to apply, the plaintiff bore the burden of showing that the allegations against the resident defendant—

---

determination. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029–30 (C.D. Cal. 2015) (expressing courts' general hesitation to judicially notice information on websites). Accordingly, Plaintiffs' request as to the LinkedIn page is DENIED.

[3] Both Plaintiffs and Defendants ask the Court to take judicial notice of certain court filings in the *Evangelista* action. (Dkts. 15, 18-1, 23.) It is well recognized that the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

JES—formed a "significant basis" of the claims asserted against the defendants. *See Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016) (citation omitted). To find that the allegations as to JES formed a significant basis of the claims, the plaintiff had to show that JES's alleged conduct was "an *important* ground for the asserted claims in view of the alleged conduct of all the [d]efendants." (Dkt. 15-7 [*Evangelista* Order Denying Motion to Remand] at 7 [citations omitted].) Restricted to the four corners of the complaint, the Court found that the plaintiff had not made sufficient factual allegations as to JES's involvement in the plaintiff's employment for JES's conduct to form a "significant basis" of the plaintiff's claims. (*Id*. at 11.) Accordingly, the local controversy exception did not apply and the Court had jurisdiction pursuant to CAFA. (*Id*.) Ultimately, the Court denied the plaintiff's motion for class certification. Case No. 8:17-cv-02270-CJC-SS, Dkt. 104. The Court administratively closed the action on January 2, 2019, after the plaintiff voluntarily dismissed his remaining claims without prejudice. *Id*., Dkt. 112.

The Court's denial of the motion to remand in *Evangelista* does not change the analysis here. In *Evangelista*, the Court found that the plaintiff had not met the local controversy exception under CAFA, to which no "antiremoval presumption" applies. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014). The plaintiff had the burden of showing the allegations against JES formed a "significant"— that is, "important" and "notable"— basis of the allegations in that complaint. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013); *Coleman v. Estes Exp. Lines, Inc.*, 730 F. Supp. 2d 1141, 1157 (C.D. Cal. 2010) (citation omitted), *aff'd*, 631 F.3d 1010 (9th Cir. 2011). The issue here, by contrast, is whether Defendants have shown that there is no possibility that Plaintiffs have stated a claim as to JES. *See Hunter*, 582 F.3d at 1044. And the presumption here, by contrast, is *against* removal jurisdiction. *See Gaus*, 980 F.2d at 566. Defendants have the burden of proving that Plaintiffs have "obvious[ly]" failed to state any theory of liability as to JES. *See Hunter*,

582 F.3d at 1043 (citation omitted). This burden is high. For the reasons already stated, Defendants have failed to meet it. Because the fraudulent joinder exception to the diversity requirement does not apply, the parties in this action are not completely diverse.[4] Accordingly, the Court lacks subject matter jurisdiction and the action must be remanded. *See* 28 U.S.C. § 1447(c).

**III. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**. This action is hereby remanded to Orange County Superior Court.[5]

DATED:     May 16, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs also assert that the amount-in-controversy requirement is not met. Because the Court finds that the parties are not completely diverse, it need not address whether the amount-in-controversy requirement is satisfied.

[5] In light of the Court's decision to remand this action, the Court DENIES AS MOOT Defendants' motion for judgment on the pleadings. (Dkt. 20.)